Richard A. BENDIS, et al., Plaintiffs,

v.

ALEXANDER AND ALEXANDER, INC., Defendants.

No. 91–2192–KHV.

United States District Court,
D. Kansas.

Nov. 20, 1995.

---

David W. White, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Overland Park, KS, Marcia L. Montgomery, Overland Park, KS, for Richard A. Bendis, W. Terrance Schreier, Robert H. Mann, Jr., John G. Pappajohn.

Brett C. Coonrod, Spencer J. Brown, Daniel E. Hamann, Deacy & Deacy, Kansas City, MO, for National Union Fire Insurance Company, of Pittsburgh, PA.

Michael T. Halloran, Eric T. Swanson, Knipmeyer, McCann, Smith, Manz & Gotfredson, Kansas City, MO, for Alexander and Alexander, Inc.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This case is before the Court on plaintiff's *Objection to Defendant's Bill of Costs* (Doc. # 38), filed October 16, 1995. Plaintiffs object to defendant's Bill of Costs, in which defendant seeks recovery of the costs of a number of photocopies, both of witness depositions and of documents from other litigation, used in the case. For the reasons stated herein, plaintiffs' objection is overruled.

■ Plaintiffs first argue that defendant's expenses of copying depositions are not properly taxable as costs. Both parties correctly observe that costs may, in the discretion of the trial court, be taxed against the losing party. 28 U.S.C. § 1920(4). Section 1920 allows the recovery for the cost of copying depositions "obtained for use in the case." If the depositions were used at trial, either as evidence or for impeachment purposes, it is reasonable to conclude that they were obtained for use in the case. *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987) (citations omitted). Counsel used the copies of the depositions of the witnesses in the instant case for impeachment and witness examination purposes. Therefore, these costs were incurred for copies of documents to be used in the case, not for the convenience of counsel. As such, the costs are properly taxable against the plaintiffs.

■ Next, plaintiffs object to defendant's copies of documents from the underlying securities litigation. These copies were also used by the defendant at trial. Therefore, the costs incurred in copying these documents are taxable against plaintiffs.

**IT IS THEREFORE ORDERED** that plaintiffs' *Objection to Defendant's Bill of Costs* (Doc. # 38), filed October 16, 1995, be and hereby is overruled.